NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MONTEREY RESEARCH, LLC,**
*Appellant*

**v.**

**STMICROELECTRONICS, INC.,**
*Appellee*

**KATHERINE K. VIDAL, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2022-1435, 2022-1771

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2020-00985, IPR2020-01492, IPR2021-00355, IPR2021-00702.

---

Decided:  October 16, 2023

---

KAYVAN B. NOROOZI, Noroozi PC, Los Angeles, CA, argued for appellant.

TYLER R. BOWEN, Perkins Coie LLP, Phoenix, AZ,

argued for appellee. Also represented by CHAD S. CAMPBELL; DAN L. BAGATELL, Hanover, NH; PHILIP ALCIDE MORIN, San Diego, CA; THERESA H. NGUYEN, Seattle, WA; JONATHAN IRVIN TIETZ, Washington, DC.

PETER JOHN SAWERT, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor. Also represented by BENJAMIN T. HICKMAN, THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED.

––––––––––––––––

Before DYK, TARANTO, and CHEN, *Circuit Judges*.

DYK, *Circuit Judge*.

Monterey Research, LLC ("Monterey") appeals IPR decisions of the Patent Trial and Appeal Board ("Board") finding claims 1–21 of U.S. Patent No. 6,651,134 unpatentable. We *affirm*.

## BACKGROUND

The '134 patent is titled "Memory Device with Fixed Length Non Interruptible Burst" and is directed to "memory devices generally and, more particularly, to a memory device that transfers a fixed number of words of data with each access." '134 patent, col. 1, ll. 1–8. "Accessing multiple locations in response to a single address is called a burst mode access." *Id.* at col. 1, ll. 14–15. According to the patent, these "bursts" of data were difficult to achieve in conventional Dynamic Random Access Memory ("DRAM") "because of the need to refresh" data within the memory cell "once every few milliseconds" meaning bursts would be interrupted. *Id.* at col. 1, ll. 22–27. The '134 patent claims to resolve this issue by teaching non-interruptible bursts of a predetermined length.

STMicroelectronics, Inc. ("STMicro") challenged claims 1–21 of the '134 patent as obvious over a combination of

U.S. Patent No. 6,115,280 ("Wada") and U.S. Patent No. 5,584,033 ("Barrett") in IPR2020-00985. Qualcomm Inc. ("Qualcomm") challenged claims 1–7 and 9–21 of the '134 patent as anticipated by U.S. Patent No. 5,600,605 ("Schaefer") and obvious over Schaefer and other references in IPR2020-01492. The Board found claims 1–21 of the '134 patent were obvious over the combination of Wada and Barrett. Additionally, the Board found claims 1–5, 7, 9, 10, 12–18, 20, and 21 of the '134 patent were anticipated by Schaefer and claims 1–7 and 9–21 were obvious over Schaefer and other references. Monterey appeals. Qualcomm withdrew from the Schaefer appeal (Appeal No. 22-1771), and the Patent and Trademark Office intervened to defend the Board's decision.

## DISCUSSION

"Obviousness is a mixed question of fact and law." *Novartis AG v. Torrent Pharms. Ltd.*, 853 F.3d 1316, 1327 (Fed. Cir. 2017). The Board's legal conclusion of obviousness is subject to de novo review, while "factual findings are reviewed for substantial evidence." *Okajima v. Bourdeau*, 261 F.3d 1350, 1354 (Fed. Cir. 2001). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

We affirm that the '134 patent was obvious over the combination of Wada and Barrett and conclude that the Board's decision was supported by substantial evidence. Because we affirm the Board's obviousness determination based on Wada and Barrett, we decline to reach the issue of anticipation or obviousness over Schaefer or the question of whether STMicro is a proper party to the Schaefer appeal.

**AFFIRMED**